IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus Milton, | ) | C/A No.: 5:20-177-MGL-KDW |
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Warden FCI Williamsburg, | ) | |
| Respondent. | ) | |

Marcus Milton ("Petitioner"), proceeding pro se, is a federal prisoner incarcerated at the United States Penitentiary in Coleman, Florida.[1] He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss. ECF No. 26. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by April 24, 2020. ECF No. 30. Petitioner failed to file a response. The court issued an order on June 5, 2020, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to the motion by June 19, 2020. ECF No. 36. After being granted an extension, ECF No. 39, Petitioner filed a timely response on June 19, 2020. ECF No. 42.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's Motion to Dismiss.

I.    Factual and Procedural Background

---

[1] At the time the petition was filed, Petitioner was incarcerated at the Federal Correctional Institution ("FCI") in Williamsburg, South Carolina.

Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) in the United States District Court for the Western District of Louisiana on October 6, 2015. *United States v. Milton*, Cr. No.: 5:15-cr-68-EEF-MLH-1, ECF No. 40 (W.D. La. Feb. 2, 2016).[2] On February 22, 2016, the court entered judgment against Petitioner and sentenced him to 120 months imprisonment. *Id.*, ECF No. 54. Petitioner filed a notice of appeal on February 24, 2016. *Id.*, ECF No. 57. On April 12, 2016, Petitioner filed a pro se motion to vacate judgment under 28 U.S.C. § 2255, which the district court denied on April 13, 2016, because Petitioner's appeal of his conviction was still pending. *Id.*, ECF Nos. 61, 62. On December 6, 2006, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *Id.*, ECF No. 73. Petitioner filed a second § 2255 motion to vacate on January 25, 2018. *Id.*, ECF No. 74. Petitioner filed a memorandum in support of his § 2255 motion on April 17, 2020. *Id.*, ECF No. 86. This memorandum sought, in part, to void his conviction and sentence based on the holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), arguing he is actually innocent of his firearm conviction. *Id.*. Petitioner's § 2255 motion is currently pending. *See United States v. Milton*, Cr. No.: 5:15-cr-68-EEF-MLH-1 (W.D. La. Feb. 2, 2016).

In the instant petition, Petitioner alleges his conviction is unlawful in light of the *Rehaif* holding because the government was not able to prove that Petitioner knew he possessed a firearm and he belonged to the relevant category of persons barred from possessing a firearm. ECF No. 1 at 6–7. Petitioner asks that his conviction be dismissed because he is actually innocent of his possession of a firearm conviction. *Id.* at 8.

---

[2] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

II.     Discussion

    A.     Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal

district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Petitioner asserts he is factually innocent of his § 922(g) conviction in light of the holding in *Rehaif*, 139 S. Ct. 2191. ECF No. 1-1. In *Rehaif,* the Supreme Court held that the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200. Petitioner argues the government did not prove these two elements and therefore his conviction is null and void. *Id.*

Respondent seeks dismissal of the instant petition contending: (1) the petition is premature because Petitioner has a pending § 2255 motion in the Western District of Louisiana, the district court where he was convicted; and (2) Petitioner cannot meet all the requirements of *In re Jones*, 226 F.3d 328 (4th Cir. 2000) because his *Rehaif* claim may be able to be brought in his initial § 2255 motion that is currently pending. ECF No. 26.

In his response, Petitioner claims the Western District of Louisiana may find that he cannot satisfy the gatekeeping provision of § 2255 because his claim rests on the holding in *Rehaif* which is not a new rule of constitutional law, but a new substantive rule of statutory law. ECF No. 42 at 4. Petitioner contends that even if *Rehaif* announced a new rule of constitutional law, *Rehaif* has not been made retroactive to cases on collateral review by the Supreme Court. *Id.* Petitioner argues, therefore, the Western District of Louisiana may not allow his *Rehaif* claim. *Id.* at 4.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under

4

§ 2241 is typically used to challenge the manner in which a sentence is executed. *See In re Vial*, 115 F.3d at 1194 n. 5. A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Rice*, 617 F.3d at 807 (finding that if a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction").

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). The Fourth Circuit has repeatedly held that the savings clause preserves claims in which the petitioner alleges actual innocence of a conviction. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008). As the Supreme Court has told us, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The undersigned finds that the court lacks jurisdiction to consider Petitioner's § 2241

5

petition as Petitioner cannot show that § 2255 is inadequate to test the legality of his detention. The undersigned notes Petitioner's "first" § 2255 motion is pending in the Western District of Louisiana in which he has raised the identical *Rehaif* claim that he is raising in his instant § 2241 petition. Although the pending § 2255 motion is the second § 2255 motion filed by Petitioner, Petitioner's initial § 2255 motion was not properly before the sentencing court as it was filed while Petitioner's direst appeal was pending. The undersigned further finds Petitioner's argument that his § 2255 remedy is inadequate or ineffective because the district court may not grant his *Rehaif* claim is without merit. *See In re Vial*, 115 F.3d at 1194 n. 5 (explaining that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision."). Accordingly, Petitioner cannot meet the second prong of *In re Jones* because he has not shown that subsequent to his first § 2255 motion there was a change in the substantive law of the sentencing court that was deemed to apply retroactively on collateral review. Because Petitioner's claims cannot be addressed under § 2241, the undersigned recommends Petitioner's habeas petition be dismissed.

III.   Conclusion

For the foregoing reasons, the undersigned recommends that the court grant Respondent's Motion to Dismiss, ECF No. 26, and dismiss the instant petition without prejudice.

IT IS SO RECOMMENDED.

August 13, 2020
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached**

**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).